PATRICIA WACHA v. KANDIYOHI COUNTY
WELFARE BOARD AND ANOTHER.

242 N. W. 2d 837.

May 21, 1976—No. 45678.

*Schmidt, Thompson, Lindstrom & Thompson, John E. Mack,* and *Paul Onkka,* for appellant.

*Warren Spannaus,* Attorney General, *Thomas L. Fabel,* Deputy Attorney General, *John H. Daniels,* Special Assistant Attorney General, for respondent Department of Public Welfare.

*Ronald H. Schneider,* County Attorney, and *David C. Lingren,* Assistant County Attorney, for respondent welfare board.

Heard before Sheran, C. J., and Rogosheske, Peterson, Kelly, Todd, Yetka, and Breunig, JJ., and considered and decided by the court en banc.

PER CURIAM.

Petitioner, Patricia Wacha, appeals from an order of the district court affirming a ruling of the commissioner of public welfare that her state and Federal income tax refunds of $466 received in 1974 be used to reduce the amount of her welfare grant. This case presents two issues: (1) Whether income tax refunds constitute income which must be used by a recipient of Aid to Families with Dependent Children (AFDC) to meet current needs; and (2) whether Public Welfare Bulletin No. 68, which reminded county welfare agencies to notify recipients of the need to utilize their tax refunds to meet current needs, was a new rule by the department and therefore invalid due to the admitted failure to follow the rulemaking procedures of the Administrative Procedure Act, Minn. St. 15.0412, subds. 3, 4. We affirm.

Petitioner began receiving AFDC for herself and three children on November 1, 1973. Prior to that time she was employed as a practical nurse. While employed, she took one less deduction for income tax purposes than she could have claimed in order to build up a sizable tax refund in 1974 which she planned to use to pay old bills. Petitioner was advised by the Kandiyohi County welfare agency in February and in April 1974 that any tax refunds she received must be regarded as income "available to meet need," and that an adjustment in her grant would be made to account for this income. After receiving tax refunds of $466, peti-

tioner sought judicial review of the May 1974 decision of the commissioner of the Minnesota Department of Public Welfare ordering the Kandiyohi County welfare agency to make an adjustment in her welfare grants. When the district court affirmed that decision, this appeal followed.

In Steere v. State, Dept. of Public Welfare, 308 Minn. 390, 243 N. W. 2d 112 (1976), we held that income tax refunds are income available to meet current needs on a regular basis within the meaning of the applicable Federal regulation. See, 45 CFR 233.20(a)(3)(ii)(c). We thus concluded that income tax refunds may properly be applied to current need in adjusting the level of AFDC grants. See, State of Minnesota, Department of Public Welfare, Rule 44(d), Oct. 1, 1973. The Steere decision squarely controls this case and requires that we affirm the ruling of the trial court.

Petitioner's second contention, that Public Welfare Bulletin No. 68[1] is invalid because it violates state rulemaking proce-

---

[1] Public Welfare Bulletin No. 68, issued by the commissioner of public welfare December 18, 1973, states:

"To: Chairman, County Welfare Board
Attention: Welfare Director
"SUBJECT: Income Tax Refunds
Suspension or Termination of the Grant

"Current manual material is being prepared to reflect the following departmental policy which is effective immediately.

"Income tax refunds are a portion of a recipient's income received in a lump sum. This money should actually have been attributed to reducing the grants already received, consistent with need, except that it was not available at the time the grants were issued. It is, therefore, to be considered as available to meet need when received. Dependent upon the amount of the refund the grant should be reduced or suspended until the amount of the refund is utilized in accord with current standards of need.

"The recipient can, if he so desires, request that assistance be terminated.

"If the recipient divests himself of the refund and then reports it or the county otherwise learns of it, the monthly grant should be reduced

dures, is also without merit because this bulletin is simply not a rule within the definition of a rule in the Administrative Procedure Act, § 15.0411, subd. 3, either as it existed in 1974 or as amended by L. 1975, c. 380, § 1. Public Welfare Bulletin No. 68 constitutes merely a restatement of existing welfare policy and a directive concerning internal management requiring notification by county welfare agencies to welfare recipients of the existing policy with respect to income tax refunds. See, Public Welfare Manual 3231 (revised May 3, 1972). Public Welfare Bulletin No. 68 was intended merely to implement existing law, by assuring that welfare recipients would report the receipt of a tax refund as soon as received, and was never intended to have the force and effect of new law. The Administrative Procedure Act requires the formal adoption of rules only where they are to have the force and effect of law. As our opinion in Steere v. State, *supra*, indicates, however, under the relevant provisions of the Social Security Act and the regulations of the Department of Health, Education, and Welfare adopted prior to the time this case arose, it was sufficiently clear that tax refunds were to be treated as earned income so that no additional rulemaking proceedings were required to validate this policy.

Affirmed.

---

until the total reduction equal the amount of the refund. This should be discussed with the recipient in an effort to agree on the amount of the monthly reduction. The final decision rests with the county agency.

"A notice must be sent with the February and April 1974 assistance checks to all recipients stating that tax refunds must be reported when received. Recommended phrasing is as follows:

" 'State and Federal income tax refunds are to be considered income and available to meet need. These refunds must be reported to the county welfare department at the time they are received. An adjustment in your grant will be necessary to allow for this income. If you have any questions please call this agency.' "