Celia ROTHMAN, et al.,
Plaintiffs-Appellants,

v.

Richard SCHWEIKER, Secretary of Health and Human Services; and Barbara Blum, Commissioner of the New York State Department of Social Services, Defendants-Appellees.

Nos. 602, 603, 604, 605, 606, 607, 608, Dockets 82–6061, 82–6063, 82–6065, 82–6067, 82–6075, 82–6077 and 82–6079.

United States Court of Appeals,
Second Circuit.

Argued Jan. 24, 1983.

Decided April 25, 1983.

Charles Robert, Hempstead, N.Y. (Robert & Schneider, Hempstead, N.Y., Ira Schneider, Hempstead, N.Y., of counsel; and Nassau/Suffolk Law Services Committee, Inc., Leonard S. Clark, Hempstead, N.Y., Robert Bencivenga, Long Beach, N.Y., of counsel) for plaintiffs-appellants.

Barbara Lewis Spivak, Deputy Regional Atty., Region II, Dept. of Health and Human Services, New York City (Juan del Real, Gen. Counsel, Washington, D.C., Jo Davis, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel; Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y.) for defendant-appellee, Richard Schweiker, Secretary of Health and Human Services.

Stephen M. Jacoby, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of the State of New York, Amy Juviler, Eugene E. Zegarowicz, Asst. Attys. Gen., New York City, of counsel) for defendant-appellee, Barbara Blum, Com'r of the New York State Dept. of Social Services.

Before LUMBARD, VAN GRAAFEILAND and PIERCE, Circuit Judges.

PER CURIAM:

Appellants[1] appeal from a judgment of the United States District Court for the Eastern District of New York (George C. Pratt, *District Judge*), entered on January

---

1. While it appears that some of the plaintiffs below are not properly before this court, we will nonetheless address the claims of those appellants who are proper parties. We note also that the district judge remanded seven of the cases before him for further proceedings consistent with his decision. Those cases are: *Dorfman v. Secretary,* 78 C 1109; *Thompson v. Secretary,* 78 C 1584; *Coppola v. Secretary,* 78 C 1792; *Torres v. Secretary,* 78 C 1913; *Coombes v. Secretary,* 77 C 2485; *Glasgold v. Secretary,* 77 C 1363; and *Greenbaum v. Secretary,* 77 C 1441. We do not disturb that ruling.

8, 1982, dismissing appellants' complaints upon appellees' motions for summary judgment and denying appellants' various procedural motions.[2] Since we affirm substantially for the reasons discussed at length in the opinion of the district judge, *Glasgold v. Secretary of Health and Human Services,* 558 F.Supp. 129 (E.D.N.Y.1982), the pertinent facts and arguments need only be briefly summarized here.

Appellants are recipients of Supplemental Security Income (SSI), a federal program of aid to the elderly, blind and disabled whose income and resources fall below certain levels. The SSI program,[3] which became effective on January 1, 1974, provides for a flat grant, reduced by income received from other sources. 42 U.S.C. §§ 1381a, 1382(b) (1976). For purposes of calculating a recipient's SSI benefit, income includes both earned and unearned income. 42 U.S.C. § 1382a(a) (1976). Unearned income includes "support and maintenance furnished in cash or kind." 42 U.S.C. 1382a(a)(2)(A) (1976). Among the various rules applicable to in-kind support and maintenance promulgated under the statute are the so-called "one-third reduction" and "presumed value" rules. The one-third reduction rule applies if a recipient lives in the household of another person who provides him with both food and shelter. In that case, the support and maintenance in kind is not deducted dollar for dollar from the SSI grant, but, rather, the federal standard payment amount is reduced by one-third. 20 C.F.R. § 416.1131 (1982).[4] Where the eligible individual is living in his own household or in the household of another but is receiving not food *and* shelter, but only food *or* shelter, the "presumed value" rule applies. Under this rule, the maximum value of the in-kind income is presumed to be an amount equal to one-third of the federal standard payment plus the exclusion applicable to unearned income. 20 C.F.R. §§ 416.1140, 416.1124(c)(10) (1982). This rule applies unless the recipient demonstrates that the actual value of the in-kind income is less than the presumed value. 20 C.F.R. § 416.1140(a)(2) (1982).

In addition to the federal portion of the SSI benefit, the federal statute provides for state supplementation of the federal grant. 42 U.S.C. § 1382e (1982); 20 C.F.R. §§ 416.2025–2030 (1982) (optional supplementation), 416.2050–2075 (1982) (mandatory supplementation). The New York State supplement takes one of two such forms: mandatory minimum state supplementation (MSS), N.Y.Soc.Serv.Law § 210 (McKinney 1976 & Supp.1982–83); and optional state supplementation (OSS), *id.* § 209. MSS is available only to persons who were recipients under the pre-SSI (*i.e.,* pre-1974) state program of aid to the aged, blind and disabled, and is not reduced by in-kind income.[5] OSS applies to all other recipients— *i.e.,* those who were not receiving aid under the pre-1974 state program. The OSS grant is computed by subtracting the sum of the federal SSI grant plus federal countable income (including in-kind income) from the New York minimum income level. Thus, under OSS, a recipient's federal countable income, including earned and unearned in-kind income, is considered available to the OSS recipient. *See* N.Y.Soc. Serv.Law §§ 208(6), 208(8) (McKinney 1976).

**2.** In the district court, plaintiffs moved to consolidate all the pending cases; to serve and file an amended consolidated complaint; to add additional federal, state, and county defendants; to allow additional individuals to intervene as party plaintiffs; and for class certification. Because the district judge found no merit in plaintiffs' substantive claims, all procedural relief was denied.

**3.** 42 U.S.C. §§ 1381–1383c (1976).

**4.** Reference is made to the 1982 version of the Code of Federal Regulations. The applicable regulations were rewritten and renumbered in 1980. The provisions implicated in this appeal are substantially the same as those in effect before the 1980 revision. Where there are differences, they are noted.

**5.** Because the pre-1974 state grants were not reduced to account for in-kind income, New York pays "grandfathered" SSI recipients the greater of OSS or MSS. *See* N.Y.Soc.Serv.Law § 210 (McKinney 1976 & Supp.1982–83); 20 C.F.R. § 416.2050 (1982).

As in the district court, appellants raise on appeal a variety of arguments relating to the calculation of their federal and state SSI benefits. Their principal arguments may be summarized as follows. First, they claim that in-kind income imputed to them [6] should not be considered in the calculation of either federal or state countable income since it is not "actually available" to them.[7] The district judge found otherwise, based on an interpretation of the applicable statutory provision, 42 U.S.C. § 1382a(a)(2) (1976), and regulations promulgated thereunder. Since we agree with the district judge's interpretation as set forth in his opinion, we add only that we do not find that *Jackson v. Schweiker,* 683 F.2d 1076 (7th Cir.1982), upon which appellants rely heavily, calls for a contrary result. In *Jackson,* the Seventh Circuit found inappropriate, on the facts of that case, the inclusion in countable income of the difference between market rental value and actual rent paid by an SSI recipient. The court reasoned that the excess of market rental over rent actually paid, in Jackson's case, could not be considered actually available because it failed to enhance the recipient's purchasing power. *Id.* at 1082. We do not find the *Jackson* analysis applicable to this case, however. We are persuaded, rather, by holdings in other circuits which, in our view, tend to support the district judge's conclusion herein that the in-kind income attributed to appellants is includable in countable income since it constitutes actual economic benefit. *See, e.g., Buschmann v. Schweiker,* 676 F.2d 352, 355 (9th Cir.1982); *Nunemaker v. Sec. HEW USA,* 679 F.2d 328, 332–33 (3d Cir.1982); *Usher v.*

*Schweiker,* 666 F.2d 652, 655–57 (1st Cir. 1981); *Kimmes v. Harris,* 647 F.2d 1028, 1033–34 (10th Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 400, 70 L.Ed.2d 214 (1981).

As in the district court, appellants also present the following arguments: that the "living in the household of another" OSS category set forth in the federal-state agreement violates state law; that the pre-1974 state countable income rules, which do not mandate reduction by in-kind income, be used to determine not only MSS, but also OSS benefits; that the one-third reduction rule and presumed value rule as applied (by failure to use pre-1974 state countable income rules) denied them equal protection of the laws; that respondents' income-gathering procedures violated appellants' rights of privacy; and that the district court abused its discretion by denying appellants' motion for class certification. We reject these claims for the reasons set forth in the opinion of the district judge.

Having considered all of the arguments presented, we affirm the decision of the district court.

---

**6.** Such "imputed income", it is argued, might be rent subsidy provided by relatives to appellants who are residents of Private Proprietary Homes for Adults; groceries provided by a relative; or the difference between current market value of an apartment and the actual rent charged by a relative.

**7.** Appellants argue that in-kind income contemplated by the Secretary includes only "actual available income" as defined in 20 C.F.R. § 416.120(c)(2) (1982), which reads:

"Income" means the receipt by an individual of any property or service which he can apply, either directly or by sale or conversion,

to meeting his basic needs (see Subpart K of this part).

(previously numbered 20 C.F.R. 416.1102(a) (1980)). The 1980 version of the applicable regulations also included 20 C.F.R. § 416.1120 (1980), which read, in pertinent part: "In determining the amount of unearned income the amount actually available to the individual is considered." In our view, the inclusion of imputed in-kind income, of the sort challenged herein, comports with the statute and the regulations promulgated thereunder, as found by the district judge below.