**Gary L. BENSON, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C8-84-790.**

Court of Appeals of Minnesota.

Oct. 30, 1984.

M.D. Zeddies, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

The Commissioner of Public Safety appeals a trial court decision to reinstate the driving privileges of Gary Benson. The court determined that the Commissioner ought to have promulgated its rule relating to the length of revocation in conformity with the Minnesota Administrative Procedures Act (MAPA). We reverse and remand.

### FACTS

On April 15, 1983, Benson's driving privileges were revoked by the Commissioner of Public Safety for a period of 60 days. This revocation was made pursuant to Minn. Stat. § 171.17, subd. 6 (1982), which directs the Commissioner to revoke the license of any driver convicted of three misdemeanor driving offenses within a twelve-month period. Benson does not contest the factual basis for the Commissioner's action because his driving record then showed four violations within the preceding year. On May 2, 1983, while the 60-day revocation was still in effect, the Commissioner learned of a fifth driving violation by Benson. The validity of this conviction is not disputed. Again acting pursuant to section 171.17, subd. 6, the Commissioner revoked Benson's driving privileges for one year, effective June 21, 1983. The one-year period was set in reference to "internal guidelines" applied to all drivers similarly situated.

Proceeding under Minn.Stat. § 171.19 (1982), Benson contested the revocation, and requested the reinstatement of his driving privileges. He raised several issues. The court nullified the revocation because the Commissioner failed to promulgate its "internal guidelines" relating to the length of revocation in accordance with MAPA, Minn.Stat. § 14.01–.70 (1982).

### ISSUE

Is Benson entitled to have his driver's license revocation declared void because "internal guidelines" relating to the length of the revocation were not promulgated in conformity with MAPA?

### ANALYSIS

Benson's license was revoked under the following authority:

The department shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses:

\*    \*    \*    \*    \*    \*

(6) Except as this section otherwise provides, conviction, plea of guilty, or forfeiture of bail not vacated, upon three charges of violating, within a period of 12 months any of the provisions of chapter 169, or of the rules, regulations, or municipal ordinances enacted in conformance therewith for which the accused may be punished upon conviction by imprisonment.

Minn.Stat. § 171.17 (1982). The statute mandates revoking the licenses of drivers with Benson's record. The Commissioner has broad discretion to implement the statute, including the discretion to determine

an appropriate period for the revocation. *Anderson v. Commissioner of Highways*, 267 Minn. 308, 311–312, 126 N.W.2d 778, 780–781 (1964). Here the Commissioner has determined that Benson's license shall be revoked for one year. The length of time was determined from certain "internal guidelines" adopted by the Commissioner. We agree with the trial court that the type of discretion exercised by the Commissioner to adopt the "internal guidelines" differs from the type of discretion exercised in decision-making on a case-by-case basis.

 The "internal guideline" is an agency rule because it is a statement of:

general applicability and future effect * * * adopted to implement or make specific the law enforced or administered by it * * *. It does not include:

(a) rules * * * which do not directly affect the rights of or procedure available to the public.

Minn.Stat. § 14.02, subd. 4 (1982). The function of the guidelines is to standardize the revocation period among drivers who have the same number of offenses. They are interpretive rules designed "to make specific the law enforced or administered by the agency." *Minnesota-Dakotas Retail Hardware Assoc. v. State*, 279 N.W.2d 360, 364 (Minn.1979). The "internal guidelines" directly affect drivers whose revocations are calculated under them. They are not so remote from the rights of the public as to be exempt from rulemaking. *See Johnson Bros. Wholesale Liquor v. Novak*, 295 N.W.2d 238, 242 (Minn.1980).

Anything defined as a rule must be promulgated according to MAPA guidelines. Minn.Stat. § 14.05, subd. 1 (1982). Therefore, the adoption of the "internal guidelines" is an act of discretion which at the same time requires compliance with MAPA. It is undisputed that the Commissioner did not formally adopt the "internal guidelines." This deprives them of having the force and effect of law. *Wacha v. Kandiyohi County Welfare Board*, 308 Minn. 418, 421, 242 N.W.2d 837, 839 (Minn. 1976).

But defects in adopting the "internal guidelines" do not nullify the revocation itself, which is clearly mandated by statute. At most, they deprive the revocation period of its conclusive presumption of reasonableness that a formal rule would provide. The specified revocation period still is presumptively valid, but it is open to greater scrutiny in light of the circumstances of the given case. *See Quimby v. State, Department of Public Safety*, 351 N.W.2d 629 (Minn.1984) (rejecting claims that results of alcohol tests are inadmissible for failure to adopt formal rules detailing test procedures allegedly required by statute). For this reason, the court order dismissing the revocation is reversed, and the matter is remanded to determine the appropriate length for the revocation.

Benson and the Commissioner have raised other issues on appeal. They are without merit, and we do not address them.

### DECISION

Reversed and remanded.