**Lydia SHANLIAN, Appellant,**

v.

**STATE of Minnesota, DEPARTMENT OF HUMAN SERVICES, Hennepin County Welfare Board, Respondents.**

No. C0–87–1642.

Court of Appeals of Minnesota.

Jan. 5, 1988.

---

Martin A. Diaz, Centro Legal, Inc., Minneapolis, for Lydia Shanlian.

Hubert H. Humphrey, III, Atty. Gen., Michael Cohen, Sp. Asst. Atty. Gen., St. Paul, for State of Minnesota, Dept. of Human Services.

Thomas L. Johnson, Hennepin Co. Atty., Mark Chapin, Asst. Co. Atty., Minneapolis, for Hennepin County Welfare Bd.

Heard, considered and decided by RANDALL, P.J., and HUSPENI and STONE,* JJ.

## OPINION

BRUCE C. STONE, Judge.

The Department of Human Services terminated appellant from the Minnesota Supplemental Aid program because she was ineligible for the federal Supplemental Security Income program for reasons other than excess resources or income. The district court affirmed the decision of the Department of Human Services, and Shanlian appeals.

## FACTS

Appellant, a Canadian citizen, moved to the United States to live with her daughter, a permanent resident alien. Appellant is not a citizen of the United States, has no income or assets, and is over age 65.

Appellant began receiving benefits from the Minnesota Supplemental Aid program (MSA), through the Hennepin County Department of Economic Assistance (DEA). As part of the MSA application process, she also applied for the federal Supplemental Security Income program (SSI), and sought verification of her current status with the Immigration and Naturalization Service (INS). INS advised appellant that she could not apply for a resident alien card unless she had an acceptable sponsor, who must be a close relative who is also a United States citizen. Since appellant's only relative in the United States, her daughter, is not a citizen, she is unable to sponsor appellant. Appellant was denied SSI because she was ineligible for a resident alien card.

The Minnesota Department of Human Services (DHS) informed the DEA, in response to an inquiry it had made on appellant's behalf on another issue, that if an individual is ineligible for SSI for a reason other than income or resources, she is also ineligible for MSA. Accordingly, appellant was notified of the proposed termination of her MSA benefits. She filed an appeal, and

a hearing was held. The appeals referee and the director of appeals and regulations affirmed the decision, and appellant's MSA benefits were terminated.

Appellant sought review of the decision in district court. After a hearing, the trial court denied appellant's motions for summary judgment and to be reinstated on MSA. Appellant brings an appeal from the trial court's order.

## ISSUE

Did the Department of Human Services err as a matter of law when it denied Minnesota Supplemental Aid to appellant, who failed to qualify for Supplemental Security Income for reasons other than excess income or resources?

## ANALYSIS

The scope of review of a decision of the Commissioner of Human Services is set out in the Administrative Procedure Act, currently found at Minn.Stat. § 14.69 (1986), and applies to district court and appellate court review of the agency action. *Brunner v. State, Department of Public Welfare*, 285 N.W.2d 74, 75 (Minn.1979). The Commissioner has broad discretion to fairly administer public assistance programs, and this court will defer to agency interpretation. *Brunner*, 285 N.W.2d at 79. Appellant asserts that she is entitled to MSA, and the decision of the Commissioner of Human Services should be reversed because the conclusions of law were erroneous and unsupported by findings and substantial evidence.

■■■ The SSI program was summarized in *Califano v. Aznavorian*, 439 U.S. 170, 171, 99 S.Ct. 471, 472, 58 L.Ed.2d 435 (1978):

The 1972 Social Security Act Amendments repealed Titles I, X, and XIV of the Act, which had provided federal aid for state programs for the aged, blind, and disabled. The amendments replaced those programs with a new Title XVI, Supplemental Security Income (SSI) pro-

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

gram. 86 Stat. 1465, 42 U.S.C. § 1381 *et seq.* This program is adminstered by the Federal Government through the Social Security Administration. To be eligible to receive benefits under the program, a person must be a resident of the United States, 42 U.S.C. § 1382c(a)(1)(B); be either over 65 years old or meet statutory definitions of blindness or disability, § 1382c(a); and be poor, § 1382a (income), § 1382b (resources).

More specifically, the term "aged, blind or disabled individual" is defined in relevant part as an individual who:

is a resident of the United States, and is either (i) a citizen or (ii) an alien lawfully admitted for permanent residence or otherwise permanently residing in the United States under color of law * * *.

42 U.S.C.A. § 1382c(a)(1)(B) (West 1983 & Supp.1987). Appellant was ineligible for SSI because she did not meet the requirements of this section.

While the issue of appellant's eligibility for SSI is not before the court, we note that recent case law and regulations have expanded the definition of "color of law," thus making it likely that more aliens will be eligible for SSI. *Berger v. Heckler,* 771 F.2d 1556 (2d Cir.1985); Amendments to Subpart P, 52 F.Reg. 21,939, 34,772 (1987) (to be codified at 20 C.F.R. §§ 416.-1615, .1618).

The federal statute allows states to supplement federal SSI grants, and encourages this by providing that the state supplement may be administered in conjunction with the federal grant. 42 U.S.C.A. § 1382e (West 1983 & Supp.1987). *Glasgold v. Secretary of Health and Human Services,* 558 F.Supp. 129, 132 (E.D.N.Y. 1982), *aff'd sub nom. Rothman v. Schweiker,* 706 F.2d 407, 409 (2d Cir.), *cert. denied sub. nom. Guigno v. Heckler,* 464 U.S. 984, 104 S.Ct. 428, 78 L.Ed.2d 362 (1983).

Two state supplemental programs were authorized, an optional program and a mandatory program. 42 U.S.C.A. § 1382e; 20 C.F.R. § 416.2001–.2098 (1986); *Rothman,* 706 F.2d at 409. The mandatory program, found in Minn.Stat. § 256D.36, was intended to provide additional funds to recipients who had participated in the pre-SSI state run program, so that they received at least the amount they were entitled to under the state program in effect prior to the effective date of SSI. *Glasgold,* 558 F.Supp. at 133. The optional program, Minn.Stat. § 256D.37 (1986), increases a recipient's income level to an amount higher than the federal level. *Id.* Appellant received MSA under the optional program.

A state may choose to have the federal government administer its supplementary program. 20 C.F.R. § 416.2005. Whether a state is bound by the federal eligibility requirements in its supplemental program depends upon which agreement it has entered into. If a state elects federal administration of the mandatory payments, but administers its own optional supplementary payments, "it may establish its own criteria for determining eligibility requirements as well as amounts." 20 C.F.R. § 416.2005(c). Otherwise, it is apparently bound by the federal eligibility requirements. 20 C.F.R. § 416.2015(c). The Commissioner of Human Services was authorized to enter into any contracts and agreements necessary for the administration of supplemental aid. Minn.Stat. § 256D.41.

While the nature of the agreement between Minnesota and the federal government is not known, it is apparent that a recipient of MSA must meet federal eligibility requirements, except for excess income or resources. An "applicant for supplemental security income" is defined as:

an individual who has applied for supplemental security income and who, but for excess income or resources, would be a recipient of supplemental security income.

Minn.Stat. § 256D.35, subd. 3; Minn.R. 9500.0670, subpt. 2 (1987). "Supplemental aid" is defined as:

state and county payments to eligible applicants for or recipients of supplemental security income, in accordance with the provisions of Laws 1974, chapter 487 and rules promulgated by the commissioner of human services.

Minn.Stat. § 256D.35, subd. 4; Minn.R. 9500.0670, subpt. 8 (substantially similar language).

The purpose of MSA is set out in Minn.R. 9500.0660 (1987):

> to provide financial assistance to recipients of supplemental security income for the aged, blind, disabled (SSI), or to persons who, but for excessive income or resources, would be receiving SSI * * *.

The Minnesota Department of Public Welfare MSA Program Manual has substantially similar language. MSA Program Manual I–A (Jan. 4, 1982). All these sections indicate that a person must meet the eligibility requirements of the SSI program, except for excess resources or income, in order to be eligible for MSA.

Appellant argues that because she meets the eligibility requirements, which provide that MSA shall be granted to any person who meets income and resource requirements and "who has attained the age of 65 years," Minn.R. 9500.0680, she is eligible to receive MSA. We cannot read that section without reference to the other provisions which indicate otherwise. Appellant also cites the MSA program manual, which provides, in the section addressing state residency and citizenship, that:

> There is no requirement that an individual receiving MSA be a U.S. citizen or permanent resident of the U.S.

MSA Program Manual III–A (Jan. 4, 1982). The manual is not legal authority, although it may provide a restatement of existing law or policy. *Wacha v. Kandiyohi County Welfare Board,* 308 Minn. 418, 421, 242 N.W.2d 837, 839 (1976); *Wenzel v. Meeker County Welfare Board,* 346 N.W.2d 680, 683 (Minn.Ct.App.1984). Further, that statement is true, although perhaps not specific enough. *See Heckler;* 52 F.Reg. 21,939, 34,772.

Appellant argues that the agency which administered the program directly initially found her eligible. Finally, she asserts that because the state phased out the mandatory program and retained the optional program, MSA is no longer solidly tied to the SSI program. Neither of these arguments changes the law as set out above.

The appeals referee, the director of appeals and regulations, and the district court determined that eligibility for MSA is predicated upon eligibility for SSI, except for excess resources or income. Giving deference to the agency's interpretation of its program, and based upon our own review of the relevant law, we agree that for an individual to be eligible for MSA, he or she must be an applicant for SSI who, but for excess income or resources, would be a recipient of SSI.

If appellant is ineligible for SSI because she does not meet the requirements of 42 U.S.C.A. § 1382c(a)(1)(B) (requiring that an individual be a citizen, or an alien lawfully admitted for residence or otherwise permanently residing in the United States under color of law), she is also ineligible for MSA. We note that this does not affect appellant's right to apply for other forms of governmental assistance to which she may be entitled.

### DECISION

The judgment of the trial court is affirmed.

Affirmed.