L & D TRUCKING, et al., Respondents,

v.

MINNESOTA DEPARTMENT
OF TRANSPORTATION,
et al., Appellants,

International Union of Operating
Engineers, Local 49,
Intervenors.

No. C9–99–768.

Court of Appeals of Minnesota.

Oct. 12, 1999.

Gerald S. Duffy, Wm. Christopher Penwell, James A. Yarosh, Siegel, Brill, Greupner, Duffy & Foster, P.A., Minneapolis, MN (for respondents).

Mike Hatch, Attorney General, Michael A. Sindt, Assistant Attorney General, St. Paul, MN (for appellants).

Paul W. Iversen, Williams & Iversen, P.A., St. Paul, MN (for intervenors).

Considered and decided by WILLIS, Presiding Judge, ANDERSON, Judge, and FOLEY, Judge.*

## OPINION

WILLIS, Judge.

Appellants challenge the district court's orders holding the Minnesota Department of Transportation (MnDOT) in constructive willful contempt of two court orders and awarding respondents $7,975 in attorney fees. We reverse.

## FACTS

In December 1996, MnDOT included with its materials sent to contractors viewed as prospective bidders on state highway projects a notice announcing its interpretation of the term "commercial establishments" in Minn.Stat. § 177.44, subd. 2 (1998) (providing exception to prevailing-wage law for certain "commercial establishments"). Respondents brought an action against appellants in January 1997, seeking (1) a judgment declaring the notice invalid; (2) an injunction preventing appellants from applying the interpretation; and (3) an award of attorney fees and costs.

On April 15, 1997, the district court, concluding that MnDOT's published interpretation constituted unauthorized rulemaking, enjoined appellants

> from enforcement or seeking to enforce the interpretation of the term "Commercial Establishment" contained in Minn. Stat. § 177.44, Subd. 2 against Plaintiffs and all persons similarly situated, in proposals for contracts and state highway construction projects.

The court also ordered appellants to submit the issue for formal rulemaking pursuant to the Minnesota Administrative Procedures Act (MAPA).[1] On April 22, 1997,

the court clarified the term "all persons similarly situated."

In October 1998, respondents moved the district court for an order holding appellants in contempt for their failure to comply with the court's two orders, alleging that MnDOT had attempted to enforce the prevailing-wage law against several contractors on various state highway projects who claimed that they fell within the exception for certain "commercial establishments." The court concluded that MnDOT violated the orders by continuing to enforce its published interpretation of the term "commercial establishments" without having first submitted the matter for formal rulemaking and, therefore, held it in constructive willful contempt. The court awarded respondents $7,975 in attorney fees, and this appeal followed.

## ISSUE

Did the district court abuse its discretion in holding MnDOT in constructive willful contempt and awarding respondents $7,975 in attorney fees?

## ANALYSIS

■ Appellants claim the district court erred in concluding that MnDOT violated the court's two orders, arguing that MnDOT was merely attempting to enforce a valid state statute. The issue turns on whether MnDOT was enforcing the prevailing-wage law on a case-by-case basis or enforcing its published interpretation of the term "commercial establishments," which was invalid because it constituted unauthorized rulemaking. *See Sa–Ag, Inc. v. Minnesota Dep't of Transp.*, 447 N.W.2d 1, 5 (Minn.App.1989) (concluding that district court properly enjoined MnDOT from enforcing its interpretation of term absent formal rulemaking). This court reviews a district court's decision to invoke its con-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. The Minnesota Department of Labor and Industry, which has general rulemaking au-

thority under Minn.Stat. § 175.171, subd. 2 (1998), was originally a defendant in this action but was dismissed voluntarily by respondents in February 1997.

tempt power under an abuse-of-discretion standard. *Mower County Human Servs. v. Swancutt,* 551 N.W.2d 219, 222 (Minn. 1996).

The validity of the prevailing-wage law is not disputed. *See* Minn.Stat. §§ 177.41–.44 (1998) (dealing with payment of prevailing wages). And MnDOT is charged with enforcement of the prevailing-wage law. Minn.Stat. § 177.44, subd. 7 (providing that MnDOT shall require adherence to this section).

Generally, laborers and mechanics employed on state highway projects "must be paid at least the prevailing wage rate in the same or most similar trade or occupation in the area." Minn.Stat. § 177.44, subd. 1. But the prevailing-wage law does not apply to those laborers or mechanics

> engaged in the processing or manufacture of materials or products, or to the delivery of materials or products by or for commercial establishments which have a fixed place of business from which they regularly supply the processed or manufactured materials or products.

*Id.,* subd. 2.

The parties agree that MnDOT is without statutory authority to promulgate rules, but appellants argue that MnDOT may enforce the prevailing-wage law on a case-by-case basis. *See Bunge Corp. v. Commissioner of Revenue,* 305 N.W.2d 779, 785 (Minn.1981) (stating that agency may promulgate rules or make case-by-case determinations and that agency has discretion to decide which is appropriate under circumstances); *see also International Union of Operating Eng'rs, Local 49 v. Minnesota Dep't of Transp.,* No. C6–97–1582, 1998 WL 74281, at *2 (Minn.App. Feb.24, 1998) (concluding that MnDOT

may enforce section 177.44 without enforcing its published interpretation of term "commercial establishments" and that enforcement will simply have to be on case-by-case basis) (citing *Bunge,* 305 N.W.2d at 785).[2]

■ The MAPA defines a rule as

> every agency statement of general applicability and future effect, including amendments, suspensions, and repeals of rules, adopted to implement or make specific the law enforced or administered by that agency or to govern its organization or procedure.

Minn.Stat. § 14.02, subd. 4 (1998); *see also Wacha v. Kandiyohi County Welfare Bd.,* 308 Minn. 418, 421, 242 N.W.2d 837, 839 (1976) (stating that MAPA requires formal adoption of rules only when intended to have force and effect of law). As an alternative to rulemaking, an agency may make case-by-case determinations. *Reserve Life Ins. Co. v. Commissioner of Commerce,* 402 N.W.2d 631, 634 (Minn.App.1987) (finding it reasonable for commissioner to make statutory interpretations and decisions on case-by-case basis), *review denied* (Minn. May 20, 1987).

But in case-by-case determinations, specific facts must be applied to specific parties. *In re Hibbing Taconite Co.,* 431 N.W.2d 885, 894–95 (Minn.App.1988); *see also In re Application of Crown CoCo, Inc.,* 458 N.W.2d 132, 137 (Minn.App.1990) (stating that board's policy was rule of general applicability and future effect, not case-by-case determination), *review withdrawn* (Minn. Sept. 14, 1990). Here, the record shows that MnDOT attempted to enforce the prevailing-wage law on a case-by-case basis, applying specific facts to specific parties.

---

**2.** Unpublished opinions are not precedential and have only persuasive value. *Dynamic Air, Inc. v. Bloch,* 502 N.W.2d 796, 800 (Minn.App.1993). Respondent L & D Trucking was also a respondent in *Local 49,* arguing against MnDOT's enforcement of its published interpretation of the term "commercial

establishments." And the matter for which intervenors Local 49 sought review in that case arose directly from the district court's injunction in this case. *Local 49,* 1998 WL 74281, at *2. Although our unpublished opinion in *Local 49* is not precedential, we find it to be persuasive.

After our decision in *Local 49*, MnDOT conducted compliance reviews and field interviews of individual contractors working on state highway projects. MnDOT then sent notices to at least two contractors, alleging that both had failed to pay prevailing wages pursuant to Minn.Stat. § 177.44, subd. 1, and that, in both cases, the exception to the prevailing-wage law under Minn.Stat. § 177.44, subd. 2, was not applicable because " 'the delivery of materials or products' came from a Bituminous Hot Mix Plant which *did not* 'have a fixed place of business.' " MnDOT also ordered the contractors to appear at separate hearings before an administrative law judge (ALJ) for the purpose of determining whether the allegations were true and, if so, whether the contractors had violated the prevailing-wage law.[3] Respondents subsequently moved the district court for an order holding appellants in contempt.

In bringing their motion for a contempt order, respondents specifically alleged violations of the district court's two orders based on MnDOT's attempted enforcement of the prevailing-wage law against Duininck Brothers, Inc. But in its investigation of Duininck's off-site bituminous plant used to provide hot mix to a state highway project, MnDOT found that (1) the hot mix plant was hauled to the project site by truck and assembled there; (2) the plant was on wheels and was consistent with the type of plant that is moved from location to location; (3) the plant operator stated that as soon as the work was completed at the project site, the plant would be disassembled and moved to a new location; (4) the investigator observed temporary toilets and a temporary office facility; and (5) the plant was disassembled and moved to a new location.

Based on the record available to us, we conclude that MnDOT was enforcing the prevailing-wage law on a case-by-case basis, applying the statute to specific facts and parties. *See* Minn.Stat. § 177.44, subd. 2 (providing exception to prevailing-wage law for certain "commercial establishments"). MnDOT was not, as the district court concluded, enforcing its published interpretation of the term "commercial establishments" as if it were a properly promulgated rule.

▇ This court is not unmindful of the problems that case-by-case enforcement of the prevailing-wage law creates for contractors who want to bid on state highway projects. We therefore encourage formal rulemaking by the Minnesota Department of Labor and Industry or other appropriate agency to establish a definition of "commercial establishments" as the term is used in the exception to the law. But respondents contend that because MnDOT is enjoined from enforcing its published interpretation of the term "commercial establishments" it is also enjoined from applying the statutory term on a case-by-case basis. Such a reading of the district court's two orders would allow a contractor to avoid application of the prevailing-wage law simply by claiming that it falls within the exception for certain "commercial establishments." Because MnDOT could not successfully challenge such a claim without applying the statutory term, respondents' reading would effectively preclude case-by-case enforcement of the prevailing-wage law. We conclude that such a result would be absurd. Furthermore, MnDOT's actions are consistent with our decision in *Local 49*.

## DECISION

Because MnDOT was enforcing the prevailing-wage law on a case-by-case basis, it

---

**3.** We note that MnDOT attempted to enforce the prevailing-wage law through contested case hearings before an ALJ. But the law provides for enforcement in the district court of the county in which the work was located. *See* Minn.Stat. § 177.44, subd. 7 (providing that county attorney, at request of MnDOT or by complaint of alleged violation, shall investigate and prosecute violations in court of competent jurisdiction). Respondents have not challenged MnDOT's proposed enforcement procedure.

did not violate the two court orders enjoining MnDOT from enforcing its published interpretation of the term "commercial establishments," which constituted unauthorized rulemaking. Thus, the district court abused its discretion in holding MnDOT in constructive willful contempt and awarding respondents $7,975 in attorney fees.

**Reversed.**