**In the Matter of the ADMINISTRATIVE ORDER ISSUED TO WRIGHT COUNTY.**

No. A09–1773.

Court of Appeals of Minnesota.

July 6, 2010.

Scott T. Anderson, Matthew J. Bialick, Ratwik, Roszak & Maloney, P.A., Minneapolis, MN, for relator Wright County.

Lori Swanson, Attorney General, Christopher M. Kaisershot, Assistant Attorney General, St. Paul, MN, for DOLI.

Peter B. Tiede, Cally E. Swanson, Murnane Brandt, St. Paul, MN, for respondent Corinna Township.

Considered and decided by KLAPHAKE, Presiding Judge; MINGE, Judge; and MUEHLBERG, Judge.*

## OPINION

MINGE, Judge.

Relator brings a certiorari appeal challenging a cease-and-desist order issued by the Minnesota Department of Labor and Industry (DOLI), which forbids the relator from enforcing the Minnesota State Building Code (MSBC) within the shoreland management district of respondent township. Relator argues that DOLI lacks authority to issue the order, that the order is arbitrary and capricious, and that DOLI's adjudicatory determination constituted improper rulemaking. We affirm.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

Respondent Corinna Township (Township) is located within relator Wright County (County). This case concerns a dispute over whether the County or the Township has the authority to issue building permits and enforce the MSBC within a shoreland management district. The MSBC is the statewide standard for construction, reconstruction, repair, and alteration of buildings and other structures. Minn.Stat. § 326B.101 (2008).

For approximately 40 years, the County has performed land use planning and zoning functions, now including special controls in shoreland management districts. For at least the past 29 years, the County administered the MSBC and, accordingly, issued building permits and performed inspections on behalf of many townships within the County. In November 2007, the Township adopted the MSBC, to become effective on January 1, 2008. On August 5, 2008, the Township notified the County that it had appointed a certified building official and intended to begin administering the MSBC within the Township on August 11, 2008. After DOLI recognized the Township's appointment of its building official, the County disagreed with DOLI's decision, arguing that the County "is the shoreland management authority in [the Township]," and that the Township "may not administer building permits in shoreland areas because such permits are an integral part of the shoreland rules, and the [T]ownship has not been certified by the county board ... to administer shoreland rules."

Shortly thereafter, on August 16, 2008, a property owner submitted an application to the Township for a building permit for improvements to a residence located in a shoreland management district. The Township forwarded the application to the County for the limited purpose of allowing the County to assess the application's compliance with the County's shoreland regulations. In response, the County notified the applicant that the Township could not issue building permits in the shoreland management district and that applicants must apply directly to the County for such a permit.

DOLI unsuccessfully tried to persuade the County that the Township had the authority to administer the MSBC and issue building permits. On September 26, 2008, and October 14, 2008, the DOLI commissioner issued administrative orders directing the County's building official and the County to cease and desist from administering the MSBC in the Township. The County and County building official requested an administrative hearing to contest the orders, and their appeals were consolidated. DOLI's order against the building official was subsequently vacated without prejudice. The Township filed a motion to intervene in the proceeding and was granted party status.

After considering the parties' cross-motions for summary disposition, the administrative law judge (ALJ) recommended that the DOLI commissioner deny the County's motion and affirm the administrative cease-and-desist order. The ALJ stated that, because DOLI's interpretation of the statute coincided with its plain meaning, it was unnecessary for DOLI to resort to rulemaking.

The commissioner adopted the ALJ's recommended order. This certiorari appeal follows.

## ISSUES

I. Does DOLI have authority to issue an administrative cease-and-desist order to prevent the County from issuing building permits in the Township?

II. Was the DOLI order arbitrary and capricious?

III. Did DOLI improperly use adjudication to engage in interpretative rulemaking?

## ANALYSIS

### I.

The County argues that DOLI exceeded its authority and violated the plain language of the MSBC when it issued the cease-and-desist order. A reviewing court may overturn agency action when such action exceeds statutory authority. Minn. Stat. § 14.69(b) (2008).

 Administrative agencies are created by statute and "have only those powers given to them by the legislature." *In re Hubbard*, 778 N.W.2d 313, 318 (Minn.2010). An agency's authority may be express or it may be implied from the expressed powers. *Id.* Whether an administrative agency has acted within its authority presents a legal question reviewed de novo. *Id.* "In determining whether an administrative agency has express statutory authority, we analyze whether the relevant statute unambiguously grants authority for an administrative agency to act in the manner at issue." *Id.* at 320.

The MSBC "is the standard that applies statewide for the construction, reconstruction, alteration, and repair of buildings and other structures of the type governed by the [MSBC]." Minn.Stat. § 326B.121 (2008). "The [MSBC] supersedes the building code of any municipality." *Id.*, subd. 1. A municipality may not adopt any building code provisions that differ from the MSBC. *Id.*, subd. 2(c). "To achieve uniform and consistent application of the [MSBC], the [DOLI] commissioner has final interpretative authority applicable to all codes adopted as part of the [MSBC]...." Minn.Stat. § 326B.127, subd. 5 (2008).

The DOLI commissioner has the authority to enforce the provisions of the MSBC. Minn.Stat. § 326B.082 (2008). This statutory authority includes the power to issue administrative orders against any "person," which includes any legal entity. *Id.*, subds. 1, 7; Minn.Stat. § 326B.01, subd. 7 (2008). The administrative order may require the person to correct the violation or to cease and desist from committing the violation. Minn.Stat. § 326B.082, subd. 7. "If the commissioner determines that a municipality that has adopted the [MSBC] is not properly administering and enforcing the code ... the commissioner may have the administration and enforcement in the involved municipality undertaken by the state building official or another building official certified by the state." Minn. Stat. § 326B.121, subd. 3 (Supp. 2009). The DOLI commissioner has express statutory authority to issue a cease-and-desist order to a municipality if the municipality is not properly administering and enforcing the MSBC. *Id.*; Minn.Stat. § 326B.082, subd. 7.

 Determining whether a municipality was not properly administering the MSBC requires statutory interpretation. This court reviews questions of statutory construction de novo. *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000). "The manner in which the agency has construed a statute may be entitled to some weight ... where (1) the statutory language is technical in nature, and (2) the agency's interpretation is one of longstanding application." *Arvig Tel. Co. v. Nw. Bell Tel. Co.*, 270 N.W.2d 111, 114 (Minn.1978). "[A]n agency's interpretation of the statutes it administers is entitled to deference and should be upheld, absent a finding that it is in conflict with the express purpose of the Act and inten-

tion of the legislature." *Geo. A. Hormel & Co. v. Asper,* 428 N.W.2d 47, 50 (Minn. 1988).

▉▉▉ General rules for construction of laws are set forth in Minn.Stat. §§ 645.001 to .51 (2008). "When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous." *Schroedl,* 616 N.W.2d at 277. A statute is only ambiguous if it is subject to more than one reasonable interpretation. *Id.* "A statute should be interpreted, whenever possible, to give effect to all of its provisions; no word, phrase, or sentence should be deemed superfluous, void, or insignificant." *Id.* (quotation omitted). Statutes are read and construed as a whole, and each section must be interpreted "in light of the surrounding sections to avoid conflicting interpretations." *Id.*

A municipality is defined by the MSBC as a city, county, or town, including a township. Minn.Stat. § 326B.103, subd. 9 (2008). A municipality is not required to enforce and administer the MSBC, but it "may choose to administer and enforce the [MSBC] within its jurisdiction by adopting the code by ordinance." Minn.Stat. § 326B.121, subd. 2(b). "A municipality may designate no more than one building official responsible for code administration defined by each certification category." Minn.Stat. § 326B.133, subd. 1 (2008). Once a building official is designated in a municipality, that official shall, in that municipality, "be responsible for all aspects of code administration for which [the official is] certified, including the issuance of all building permits." *Id.,* subd. 4. The law also provides that:

> If, as of January 1, 2008, a municipality has in effect an ordinance adopting the [MSBC], that municipality must continue to administer and enforce the [MSBC] within its jurisdiction. The mu-

nicipality is prohibited from repealing its ordinance adopting the [MSBC].

Minn.Stat. § 326B.121, subd. 2(a).

*A. Discontinued Enforcement*

▉▉▉ The County does not argue that the Township cannot adopt the MSBC, only that it cannot exclusively enforce it within its borders. Because the County had the MSBC in effect and was enforcing it as of January 1, 2008, the County concluded that the above-quoted language of section 326B.121, subd. 2(a) prohibited it from discontinuing its enforcement of the MSBC. It is apparent that this section is meant to prohibit a municipality that has adopted the MSBC from reversing its decision and creating a setting where the MSBC would go unenforced, as was allowed under earlier versions of the statute. However, we note that the plain language of the statute authorizes the Township to administer and enforce the MSBC within the Township. Minn.Stat. § 326B.121, subd. 2(b). As the ALJ observed, in order to give meaning to the statutory provisions establishing a township's ability and authority to administer the MSBC within its jurisdiction, once it adopts the code, the county's authority within the township must be withdrawn because an area may only have one building official responsible for administering the MSBC. *See id.* (granting a municipality the authority to "choose to administer and enforce the [MSBC] within its jurisdiction"); Minn. Stat. § 326B.133, subd. 1 (allowing only a single building official to enforce the code in a given municipality).

Therefore, once the MSBC is adopted by a county, it cannot be repealed or no longer enforced; but once a municipality within a county adopts the MSBC, that municipality becomes responsible for MSBC administration and the county no longer retains that responsibility within that specific municipality.

## B. Concurrent Enforcement

■ The County further argues that it did not violate the MSBC because the MSBC contemplates concurrent jurisdiction, which would allow both the county and the township to administer the MSBC within the township. But the plain language of the statute allows only one building official to administer the MSBC within each municipality that has adopted the code. Minn.Stat. § 326B.133, subd. 1. The statute does not allow two municipalities to simultaneously administer the MSBC within the same jurisdiction. The legislature has provided that property owners should not be subjected to such a frustrating bureaucratic regime. Sharing of authority is permitted only by allowing two or more municipalities to mutually agree to jointly designate a *single* building official for a jurisdiction. *Id.* But this does not require that a township within a county agree to designate the county official to administer the MSBC within the township. Instead, the statute is clear that once a municipality adopts the MSBC, it is responsible for its administration and enforcement within its jurisdiction. Because the County was attempting to enforce the MSBC in the Township without jurisdiction, we conclude that the DOLI commissioner did not exceed statutory authority by issuing the cease-and-desist order.

## C. Shoreland District Enforcement

■ The County finally argues that its authority to regulate property in a shoreland management district precludes the Township from issuing building permits in such a district. State regulations provide that "[l]ocal governments must provide for the administration and enforcement of their shoreland management controls by establishing permit procedures for building construction, installation of sewage treatment systems, and grading and filling." Minn. R. 6120.3900 (2009). The County contends that the building code is integral to the shoreland rules and therefore must be enforced by the County. However, we note the foregoing rule only stipulates that local governments must *"provide"* for the administration and enforcement of controls by "establishing permit procedures" for building construction. *Id.* (emphasis added). It does not require that the entity responsible for shoreland management controls must issue building permits in those areas. Administration of the MSBC is distinct from shoreland regulations; the MSBC relates to construction of buildings, whereas shoreland regulations relate to zoning and land use controls. *Compare* Minn.Stat. § 326B.101 *with* Minn.Stat. § 103F.211, subd. 1 (2008). The statutory authority for the shoreland rules addresses land use issues—specifically the placement and density of development—rather than the structural and safety issues addressed by the MSBC. *See* Minn.Stat. § 103F.211, subd. 1. Land use permits are distinct from building permits. "Nothing in [the MSBC] prohibits a municipality from adopting ordinances related to zoning, subdivision, or planning unless the ordinance conflicts with a provision of the [MSBC] that regulates components or systems of any structure." Minn.Stat. § 326B.121, subd. 2(g).

Here, the County may continue to administer and enforce shoreland management controls even if the Township issues building permits through its administration of the MSBC. The Township has already forwarded at least one resident's application to the County to ensure that it complies with the shoreland regulations. Furthermore, the MSBC contains the same regulations, whether it is enforced by the County or the Township. Therefore, we conclude that the County's exclusive

control over shoreland regulations does not include MSBC enforcement.

## II.

 The County next argues that the DOLI commissioner's ruling was arbitrary and capricious because the commissioner chose one building official over another without engaging in reasoned decision making. "[A]n agency ruling is arbitrary and capricious if the agency (a) relied on factors not intended by the legislature; (b) entirely failed to consider an important aspect of the problem; (c) offered an explanation that runs counter to the evidence; or (d) the decision is so implausible that it could not be explained as a difference in view or the result of the agency's expertise." *Citizens Advocating Responsible Dev. v. Kandiyohi County Bd. of Comm'rs*, 713 N.W.2d 817, 832 (Minn.2006).

Here, the commissioner's ruling was based upon statutory interpretation. The commissioner adopted the ALJ's findings and opinion, which set forth the reasons why the Township's building official was authorized to administer the MSBC in the Township and the County was not. The ALJ's recommendation included a detailed memorandum addressing all arguments raised by the County and analyzing the evidence and statutes. By adopting the ALJ's recommendation and memorandum, the commissioner made that analysis his own. Because the decision, based on the statutory language, is supported by the evidence and statutes, we conclude that it was not arbitrary or capricious.

## III.

The third issue raised by the County is whether DOLI's adjudicatory interpretation of the MSBC may not be enforced because it is effectively a rule adopted without formal rulemaking procedures.

"Interpretative rules are promulgated to make specific the law enforced or administered by the agency." *Cable Commc'ns Bd. v. Nor–West Cable Commc'ns P'ship*, 356 N.W.2d 658, 667 (Minn.1984) (quotation omitted). Rules must be promulgated in accordance with the Minnesota Administrative Procedure Act (MAPA). *Id.* "Generally, if the agency's interpretation of a rule corresponds with its plain meaning, or if the rule is ambiguous and the agency interpretation is a longstanding one, the agency is not deemed to have promulgated a new rule." *Id.* If an agency interpretation is consistent with the regulation it implements, or simply restates existing policy, the agency action is upheld. *Wacha v. Kandiyohi County Welfare Bd.*, 308 Minn. 418, 421, 242 N.W.2d 837, 839 (1976). If an agency adopts a policy inconsistent with its regulations, without following MAPA procedure, the court will invalidate such action. *Cable Commc'ns Bd.*, 356 N.W.2d at 667–68.

Here, formal rulemaking procedures were not implemented. But because the commissioner's interpretation of the statute corresponds with its plain meaning, we conclude that DOLI did not promulgate a new rule, that formal rulemaking procedures were not required, and that the commissioner's decision shall be enforced.

## DECISION

DOLI has statutory authority to issue an administrative cease-and-desist order to a municipality that is not properly enforcing or administering the MSBC. Because the County was improperly attempting to administer and enforce the MSBC in a township in which it lacked jurisdiction, DOLI did not exceed its authority by issuing the administrative cease-and-desist order to the County. Additionally, because the decision was based upon the plain language of the statute and supported by

evidence after considering all arguments, the decision was not arbitrary or capricious. Finally, because DOLI's interpretation of the MSBC corresponds with the plain language of the statute, formal rulemaking procedures were not required.

**Affirmed.**